# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

HP Compaq Business Notebook Computer with serial number CNU7020WGR

**AFFIDAVIT AND APPLICATION FOR SEIZURE WARRANT**

CASE NUMBER:

I, __Julie M. Shields__ being duly sworn depose and say:

I am a __Special Agent with the Federal Bureau of Investigation__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely: (describe the property to be seized):

> HP Compaq Business Notebook Computer with serial number CNU7020WGR

which is/are: (state one or more bases for seizure under the United States Code)

> property constituting, or derived from any proceeds obtained directly or indirectly, as the result of one or more violations of 18 U.S.C. § 2314 (interstate transportation of stolen property); subject to seizure pursuant to 18 U.S.C. §§ 981(b) (incorporating 28 U.S.C. § 1355(b)), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C).

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

> SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN.

Continued on the attached sheet and made a part hereof.      ☒ YES   ☐ NO

Thomas Hibarger
Fraud & Public Corruption Section,
Criminal Division
(202) 514-7912

Signature of Affiant
Julie M. Shields, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____      at Washington, D.C.
Date

_____      _____
Name and Title of Judicial Officer      Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Julie M. Shields, am a Special Agent of the U.S. Federal Bureau of Investigation (FBI). After being duly sworn, I do hereby aver, depose, and state the following:

1.   I have been a federal law enforcement officer with the FBI for about eleven years, and I currently am assigned to a public corruption squad at the Washington Field Office (WFO) in Washington, D.C. Before coming to the WFO, I was assigned to the FBI Field Office in New Orleans investigating public corruption. I have considerable experience investigating corruption crimes by local, state, and federal officials. Since becoming an FBI agent, I also have taken part in several stolen-property investigations. I have taken part in the application for a number of search warrants and their execution. I have attended many training programs on public corruption and white-collar crime. Because I make this affidavit only to apply for a seizure warrant, I have not included all of the information known to law enforcement officers agents about the events described. What I set forth, I know from observing it personally, reading official documents, or speaking to others involved in this investigation.

I.  SUMMARY

2.   I make this affidavit to apply for a warrant to seize a piece of stolen computer equipment, specifically an HP Compaq Business Notebook Computer with serial number CNU7020WGR. This was stolen from a place in the District of Columbia and I believe it now is in either Maryland or Virginia. In the rest of this affidavit I refer to this item as the "stolen subject laptop computer." At the end of this affidavit, I state the statutes and rules authorizing this Court to issue a seizure warrant for the stolen subject laptop computer.

## II. DETAILS OF STOLEN COMPUTER.

3.     Since in or about November 2007, law enforcement agents in Washington, D.C., have been investigating the theft of the subject laptop computer and other pieces of computer equipment from facilities of the District of Columbia Public Schools (DCPS).  Between mid-June and late-December 2007, more than 20 laptop computers, valued at nearly $33,000, were stolen from DCPS facilities in the 800 block of North Capitol Street in the District of Columbia.

4.     In this investigation, I have learned that on February 16, 2007, the subject laptop computer was equipped with "Computrace" laptop security software.  The subject laptop computer was assigned to and used by a DCPS employee until about July 30, 2007, at which time the employee turned in the computer to a DCPS official.  Thus official put the subject laptop computer in a storage room in the DCPS offices in the 800 block of North Capitol Street, N.E., Washington, D.C.  Several days after July 30, 2007, the DCPS official discovered the subject laptop computer missing when he went into the storage room to get some supplies.

## III. LOCATING THE STOLEN SUBJECT COMPUTER.

5.     As noted, the subject laptop computer had been equipped with "Computrace" security software.  This Computrace security software instructs the laptop computer to contact a monitoring center periodically when connected to the "internet."  The software also instructs the laptop computer to report its source Internet Protocol (IP) address and the username used to log into the laptop computer.  The Computrace security software instructs the laptop computer to do these tasks without alerting the user that it is doing so.

6.     An IP address is a unique numeric identifier assigned to every computer attached to the "internet."  An Internet Service Provider (ISP) normally controls a range of several hundred (or even thousands) of IP addresses, which it assigns to its customers for their use.  These source IP addresses are, in the computer network context, conceptually identical to origination phone numbers.

7.     On or about September 6, 2007, the stolen subject laptop computer reported that it

was connecting to the Internet using IP address 208.198.0.XXX. This IP address was not associated with DCPS. I have concealed the last three actual numerals for investigative purposes. This laptop has continued to report the same source IP address almost daily from September 6, 2007 to June 20, 2008.

8.  The IP address 208.198.0.XXX is controlled by Verizon Business, an Internet Service Provider. According to Verizon Business, IP address 208.198.0.XXX, is assigned to a business with locations in the 5100 block of Leesburg Pike in Falls Church, Virginia, and the 10600 block of Little Patuxent Parkway in Columbia, Maryland. I know the actual name of the business, but I have omitted it from this affidavit for investigative reasons.

9.  In the course of this investigation, other agents and I have checked on the Computrace monitoring information from the other computers stolen from DCPS in June through December 2007. I have learned that four of the stolen laptops have reported their IP addresses using Computrace: two from the Chicago, Illinois, area, one from Maryland or Virginia (using an IP belonging to a company with offices in both states), and one from Nigeria. Most of the stolen laptops did not have the Computrace security system on them. From this, I submit that it is probable that all of the stolen computers were transported to places outside the District of Columbia.

10. Based on the foregoing information, I respectfully submit that there is probable cause to believe that between on or about July 30, 2007 and September 6, 2007, an unknown person or persons transported goods or merchandise, that is stolen laptop computers valued at $5,000 or more, across state or international boundaries, in violation of 18 U.S.C. § 2314, and that the stolen computers are themselves the proceeds of this violation. Further, under 18 U.S.C. § 2315, it is unlawful to possess or receive goods, wares, or merchandise, of the value of $5000 or more, which have crossed a state or U.S. boundary, knowing them to have been stolen.

IV. AUTHORITY TO ISSUE SEIZURE WARRANT.

11. The Court has authority to issue a warrant to seize the subject laptop computer because it is subject to forfeiture as the proceeds of the offense of the interstate transportation of

stolen property (ITSP), in violation of 18 U.S.C. § 2314. Such proceeds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), read together with 18 U.S.C. §§ 1956(c)(7) and 1961(1)(B). A warrant to seize such proceeds is authorized in 18 U.S.C. § 981(b) to be obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure.

12. Further, I am advised that under 18 U.S.C. § 981(b)(3), notwithstanding the provisions of rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued by a judicial officer in any district in which a forfeiture action against the property may be filed under 28 U.S.C. § 1355(b) and may be executed in any district in which the property is found. I understand that under 28 U.S.C. § 1355(b), a forfeiture action against the proceeds of interstate transport of stolen property may be filed in the district court for the district in which occurred any of the acts giving rise to the forfeiture. Thus, I respectfully submit that a judicial officer of the U.S. District Court for the District of Columbia may issue a seizure warrant for stolen property whose theft occurred in the District of Columbia.

13. Therefore, I respectfully pray that this Court issue a warrant to seize the stolen subject laptop computer, specifically the HP Compaq Business Notebook Computer with serial number CNU7020WGR.

FURTHER THAN THIS, affiant sayeth not.

_____
Julie M. Shields, Special Agent
United States Federal Bureau of Investigation

\* \* \* \* \* \* \*

Subscribed to and sworn before me on this _____ day of July 2008.

_____
UNITED STATES MAGISTRATE JUDGE